UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTOR ERIC LOVEITT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civil No. 05-172-B-W |
| | ) |
| MAINE STATE PRISON, et al., | ) |
| | ) |
| Defendants | ) |

### ORDER ON MOTION FOR CLASS CERTIFICATION, TWO MOTIONS TO AMEND COMPLAINT, AND RECOMMENDED DECISION ON PRO SE MOTION FOR SUMMARY JUDGMENT

Victor Loveitt is a pro se plaintiff in a civil rights action challenging the conditions of his custody as a protective custody inmate at the Maine State Prison. He has filed a motion for class certification (Docket No.11) which asserts that there are sixty-six prisoners who reside in the protective custody unit "now and in the future." I now **DENY** the motion for class certification because, as a pro se litigant, Loveitt is not able to represent the interests of his fellow inmates in this law suit. See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982). I also decline, at this juncture, to follow Loveitt's suggestion that I appoint an attorney to represent the putative class of sixty-six prisoners who "now and in the future" may reside in the protective custody unit of the Maine State Prison.

Loveitt has also filed two motions concerning the amendment of the complaint. The first asks for an amendment of the complaint to include a request of relief of $1.00 against the defendants in their official capacity. (Docket No. 10.) The other requests, in essence, that the first motion to amend be amended "to show that the plaintiff change official capacity to individual capacity." (Docket No. 12.) The defendants have not filed

response to these two pleadings and have not filed an answer to the complaint or a motion to dismiss.  See Fed. R. Civ. P. 15(a). Without weighing in on the usefulness or futility of this amendment, by endorsement order entered on February 14, 2006 I granted Loveitt leave to amend his complaint to include a request for relief of $1.00 against the individual defendants – the Commissioner of the Maine Department of Corrections, Dwight Fowles, and Brian Abbot --  in their individual capacities.  He has until February 22, 2006, to file an amended complaint incorporating his amendments and fully stating his claim in its final version.  As noted the defendants have not yet filed their answer.

In the meantime Loveitt has filed a premature and non compliant motion for summary judgment  (Docket No. 16).  See Local Rule 56.  I recommend that the court **DENY** the plaintiff's motion for summary judgment.  After Loveitt files his amended complaint the defendants are ordered to file their answer within the requisite twenty-one days.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 15, 2006.

                                      /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge